IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RANDALL DALE BINGHAM, : <br> : <br> Petitioner : <br> : <br> v. : <br> : <br> CEDRIC TAYLOR, Warden, : <br> : <br> Respondent : <br> : | NO. 7:12-CV-161 (HL) <br><br> **ORDER** |

    Petitioner **RANDALL DALE BINGHAM** has filed a Motion for Reconsideration in which he requests the Court to reconsider its December 6, 2012 Order transferring his 28 U.S.C. § 2254 action to the United States District Court for the Northern District of Georgia. (Doc. 5; Doc. 6). As explained in that Order, Bingham is confined in Valdosta State Prison and is challenging his conviction in the Superior Court of Dade County, Georgia. Therefore, both the United States District Courts for the Middle and Northern Districts have concurrent jurisdiction over the action. The Middle District transferred his case to the Northern District because it is the long-standing policy and practice of the district courts in Georgia to cause all § 2254 petitions to be filed in, or transferred to, the district within which the state prisoner was convicted.

    Bingham cites *Rumsfield v. Padilla*, 542 U.S. 426 (2004) for the proposition that "jurisdiction lies in only . . . the district of confinement." (Doc. 6 at 2). This may be true for an action brought under 28 U.S.C. § 2241. However, Bingham is attacking his 2006 Dade County conviction and has brought his action under § 2254, not § 2241. Therefore, the Northern District has concurrent jurisdiction over his action.

    Bingham also maintains that the United States District Court for the Northern District of Georgia "will have no jurisdiction to order any preliminary injunction to allow me proper access time to [the] law library at Valdosta State Prison." (Doc. 6 at 2). This relief is not available in

Bingham's § 2254 action regardless of whether his case proceeds in the Middle District or the Northern District. Instead, Bingham will need to file, in the United States District Court for the Middle District of Georgia, the appropriate 42 U.S.C. § 1983 action setting forth this claim and requesting relief.

For these reasons, and for reasons already explained in the Court's December 6, 2012 Order, Bingham's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 21st day of December, 2012.

/s/ Hugh Lawson
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

lnb